UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　'O'

| Case No. | 2:14-cv-06321-CAS(JEMx) | Date | May 14, 2015 |
|---|---|---|---|
| Title | BRITANY TACADENA V. CITY OF SANTA BARBARA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:　　Attorneys Present for Defendants

Not Present　　Not Present

**Proceedings:** **(In Chambers)** MOTION FOR LEAVE TO AMEND COMPLAINT TO IDENTIFY DOE DEFENDANT (Dkt. 20, filed April 13, 2015)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7–15. Accordingly, the hearing date of May 18, 2015 is vacated, and the matter is hereby taken under submission.

The present action arises out of the death of Brian Tacadena ("decedent"), who was shot and killed by a peace officer employed by the Santa Barbara Police Department ("SBPD") on September 1, 2013. On August 12, 2014, decedent's daughter, Britany Tacadena, filed the instant action in her individual capacity and as decedent's successor in interest against the City of Santa Barbara ("the City"), the SBPD, and Doe Officers 1 through 10. Dkt. 1. The complaint alleges the following claims: (1) violation of the constitutional right to be free from unreasonable use of force under 42 U.S.C. §§ 1983, 1985 and 1988; (2) failure to summon medical assistance; (3) negligence; (4) assault; (5) intentional infliction of emotional distress; (6) violation of Cal. Gov. Code § 845.6; (7) violation of the Bane Act, Cal. Civ. Code § 52.1, and "state civil rights"; and (8) wrongful death. Id.

On April 13, 2015, plaintiff filed the instant motion for leave file a first amended complaint ("FAC") adding SBPD Officer Brian Sathre ("Officer Sathre")—the officer who shot decedent—as a named defendant. Dkt. 20. The City and the SBPD ("City defendants") opposed plaintiff's motion on April 17, 2015. Dkt. 24.

Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Rule 15(a). Martinez v. Newport Beach City, 125 F.3d 777, 785

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-06321-CAS(JEMx) | Date | May 14, 2015 |
|---|---|---|---|
| Title | BRITANY TACADENA V. CITY OF SANTA BARBARA, ET AL. | | |

(9th Cir.1997). However, where, as here, the district court has already entered a scheduling order establishing a deadline for amending pleadings, Rule 16(b) applies. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir.2000). Rule 16(b)(4) permits modification of a scheduling "only for good cause." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F. 2d 604, 609 (9th Cir. 1992). Although the focus of the "good cause" inquiry is on the diligence of the party seeking the modification of the scheduling order, other considerations include: (1) the degree of prejudice to the moving party resulting from failure to modify; (2) the degree of prejudice to the nonmoving party from a modification; (3) the impact of a modification at that stage of the litigation on the orderly and efficient conduct of the case; and (4) the degree of willfulness, bad faith, or inexcusable neglect on the part of the moving party. United States v. First Nat. Bank of Circle, 652 F.2d 882, 887 (9th Cir.1981). When refusal to allow modification might result in injustice, while allowing the modification would cause no substantial injury to the opponent and no more than slight inconvenience to the court, modification should be allowed. Id. Moreover, "[t]he district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." Miller v. Safeco Title Ins. Co., 758 F. 2d 364, 369 (9th Cir. 1985).

     Here, it appears that plaintiff was apprised of Officer Sathre's involvement in the shooting as early as February 11, 2015, when the City defendants served plaintiff with initial disclosures pursuant to Rule 26. Shapiro Decl. ¶ 3; Mot. Amend at 1 (stating that plaintiff "learned the true identity of the key Doe Defendant" following review of City defendants' February 11, 2015 disclosures). Plaintiff, however, did not request leave to amend the complaint until April 13, 2015, three weeks after the March 23, 2015 deadline for such requests established by the Court's February 23, 2015 scheduling order, dkt. 17.

     Although it is true that plaintiff filed the instant motion after the March 23, 2015 deadline, the Court concludes that there is good cause to modify the scheduling order to permit plaintiff to file the FAC. First, the Court finds that plaintiff has been reasonably diligent in the prosecution of this action. Cf. So v. Land Base, LLC, 2009 WL 2566816, at *2 (C.D. Cal. Aug. 18, 2009) (granting motion to modify scheduling order and finding defendant had been "reasonably diligent" despite pendency of the action for more than a year). Plaintiff's counsel asserts that he conducted a "thorough and exhaustive review" of defendants' initial disclosures, and appears to contend that any delay in filing the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-06321-CAS(JEMx) | Date | May 14, 2015 |
| Title | BRITANY TACADENA V. CITY OF SANTA BARBARA, ET AL. | | |

instant motion was due to a thoughtful weighing by plaintiff, based on these disclosures, of "whether or not to proceed with asserting her claims." Mot. Amend at 1. Diligent prosecution of an action necessarily requires client consent. Further, the addition of Officer Sathre is not a surprise to the City defendants, and plaintiff seeks to add Officer Sathre well in advance of the December 21, 2015 discovery cutoff date and the January 11, 2016 trial date. Dkt. 17. On balance, the prejudice plaintiff will suffer if she is not permitted to amend her complaint vastly outweighs any prejudice defendants might suffer if she is permitted to do so.

Accordingly, the Court GRANTS plaintiff's motion for leave to file and amended complaint. The last date to file amended pleadings in this case now shall be **June 8, 2015**. All other dates set forth in the Court's February 23, 2015 scheduling order shall remain unchanged.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |